**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4412

ALEXANDER SHERMAN MCKENZIE,
a/k/a Alexander Suber,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-97-203)

Submitted: January 12, 1999

Decided: February 8, 1999

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Tony E. Rollman, Asheville, North Carolina, for Appellant. Thomas
Richard Ascik, OFFICE OF THE UNITED STATES ATTORNEY,
Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alexander Sherman McKenzie pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(d) (1994) and the use and carry of a firearm in violation of 18 U.S.C. § 924(c)(1) (1994). The court sentenced McKenzie to 220 months' imprisonment and a mandatory consecutive sentence of five years' imprisonment, respectively. On appeal, McKenzie alleges ineffective assistance of counsel. However, counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. McKenzie did not file a pro se supplemental brief. We affirm.

McKenzie's ineffective assistance of counsel claim should be raised in the district court by motion under 28 U.S.C. § 2255 (West 1994 & Supp. 1998), and not on direct appeal, unless it "conclusively appears" from the record that defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). We have reviewed the record and find that it does not conclusively show that McKenzie's attorney was ineffective.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm McKenzie's conviction and sentence. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

2